Juan **HURTADO–MARTINEZ**, a.k.a. Gustavo Hurtado–Martinez, **Petitioner,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 02–73749.

United States Court of Appeals, Ninth Circuit.

Submitted June 25, 2007.*

Filed Aug. 9, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Joye L. Wiley, Ark & Wiley, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Audrey B. Hemesath, Office of Immigration Litigation, Margaret Perry, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Juan Hurtado–Martinez, a native and citizen of Mexico, petitions for review of an order of the former Immigration and Naturalization Service (INS) reinstating under 8 U.S.C. § 1231(a)(5) a 1998 INS order of expedited removal. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and we dismiss in part and deny in part the petition for review.

■ Under the reinstatement statute, 8 U.S.C. § 1231(a)(5), we lack jurisdiction to consider Hurtado–Martinez's collateral challenge to his prior expedited removal order. *See Padilla v. Ashcroft,* 334 F.3d 921, 924 (9th Cir.2003).

■ The regulation implementing the reinstatement statute, which provides for reinstatement of a prior removal order without a hearing before an immigration judge, "is a valid interpretation of the INA," and "does not offend due process." *Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 495, 496 (9th Cir.2007) (en banc) Moreover, "[r]einstatement of a prior removal order—regardless of the process afforded in the underlying order—does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies." *Id.* at 497. Thus, Hurtado–Martinez's challenges to the reinstatement regulation are foreclosed.

■ While *Morales* left "open the possibility that individual petitioners may raise procedural defects in their particular cases," *id.* at 496, the primary defects Hurtado–Martinez complains of, lack of counsel and failure to notify of the availability of judicial review, do not violate an alien's due process rights. *Id.* at 497–98. To the extent that Hurtado–Martinez raises other procedural defects, such as INS threats of jail time and family separation, these are not due process violations because Hurtado–Martinez cannot show prejudice. Hurtado–Martinez cannot show a possibility that the outcome of the reinstatement proceeding would have been different, because the three predicates for reinstatement that (1) he is the alien (2) who was previously removed and (3) who reentered the United States illegally were met. *Padilla,* 334 F.3d at 925.

■ Hurtado–Martinez's request that we hold that he is not barred by 8 U.S.C. § 1231(a)(5) from proceeding on his application for adjustment of status is foreclosed by our decision in *Padilla. Padilla* held the reinstatement statute which provides that a person subject to reinstatement of a prior order of removal "is not eligible and may not apply for any relief under this chapter," 8 U.S.C. § 1231(a)(5), bars an alien who has had a prior removal order reinstated from seeking adjustment of status. 334 F.3d at 925.

**PETITION DISMISSED in part and DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.